**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROBERT LESTER JAMES,

        Petitioner,

vs.                               Case No.:    3:14-cv-220-J-32MCR
                                                             3:06-cr-62-J-32MCR

UNITED STATES OF AMERICA,
JOHN T. RATHMAN, WARDEN,

        Respondents.
_____/

## ORDER

This case is before the Court on Petitioner Robert Lester James's "Petition for a Writ of Habeas Corpus, Pursuant to Title 28 U.S.C. §§ 2241 and 2255(e)." (Doc. 1, "Motion to Vacate").[1] Petitioner challenges his 15-year mandatory minimum sentence, which the Court imposed pursuant to 18 U.S.C. § 924(e), a part of the Armed Career Criminal Act (ACCA).[2] Petitioner argues that two intervening Supreme Court decisions, Descamps v. United States, 133 S. Ct. 2276 (2013), and Begay v. United States, 553 U.S. 137 (2008), call into question whether some of

---

[1] Citations to the record in the underlying criminal case, United States of America vs. Robert Lester James, Case No. 3:06-cr-62-J-32MCR, will be denoted as "Crim. Doc. __." Citations to the record in the civil case, Case No. 3:14-cv-220-J-32MCR, will be denoted as "Doc. __."

[2] The Court observes that Petitioner filed a separate motion to vacate in Case No. 3:16-cv-738-J-32MCR, pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016). Nothing in this Order affects the disposition of that case.

1

Petitioner's ACCA predicate convictions should have qualified as ACCA predicates. (Doc. 1 at 4-5). The Court construed the petition as a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (See Doc. 3 at 1). The United States moved to dismiss for lack of subject matter jurisdiction. (Doc. 4, Motion to Dismiss).

The Court begins by noting that it could construe the Motion to Vacate either as a § 2255 motion to vacate, or as a habeas corpus petition under 28 U.S.C. §§ 2241 and 2255(e)'s savings clause (as Petitioner originally styled the pleading). Either way, the Court must dismiss the Motion to Vacate for lack of subject matter jurisdiction.

If the Court construes the Motion to Vacate as a § 2255 motion, the Court lacks jurisdiction because it is an unauthorized second or successive § 2255 motion. Petitioner filed his first § 2255 motion in Case No. 3:08-cv-70-J-32MCR. The Court dismissed the first § 2255 motion with prejudice because a collateral review waiver barred it. (Case No. 3:08-cv-70-J-32MCR, Doc. 9). The Eleventh Circuit denied Petitioner's motion for a certificate of appealability, thus bringing that case to an end. (Case No. 3:08-cv-70-J-32MCR, Doc. 18). As such, the current Motion to Vacate would be a second or successive § 2255 motion. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…"). Petitioner has not obtained authorization to file the

2

current second or successive motion, as 28 U.S.C. § 2255(h) requires. "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)). Therefore, the Court lacks jurisdiction over the current Motion to Vacate to the extent it is a § 2255 motion.

If the Court construes the Motion to Vacate as a habeas corpus petition under 28 U.S.C. §§ 2241 and 2255(e)'s savings clause, the Court still lacks jurisdiction. A prisoner must file a § 2241 petition in the judicial district where the petitioner is incarcerated. Westine v. Scott, 356 F. App'x 254, 255 (11th Cir. 2009) (citing Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991)). The requirement to file a § 2241 petition in the district of incarceration is also jurisdictional. See id. (citing Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985)). At the time he filed the current Motion, Petitioner was incarcerated at Talladega Federal Correctional Institution (FCI) in Talladega, Alabama, which is in the Northern District of Alabama. Petitioner is presently incarcerated at FCI – Williamsburg in Salters, South Carolina, which is in the District of South Carolina. Either way, a court sitting in the Middle District of Florida, such as this one, lacks jurisdiction to entertain Petitioner's § 2241 petition. If Petitioner wishes to file a habeas corpus petition pursuant to 28 U.S.C. § 2241, he must do so in the district where he is incarcerated, which is currently the United States District Court for the District of South Carolina.

In light of the foregoing, it is hereby

**ORDERED:**

1. The United States' Motion to Dismiss (Doc. 4) is **GRANTED**.

2. Petitioner Robert Lester James's "Petition for a Writ of Habeas Corpus, Pursuant to Title 28 U.S.C. §§ 2241 and 2255(e)" (Doc. 1), also construed as a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

3. The disposition of this case does **not** affect the resolution of Petitioner's pending Motion to Vacate in Case No. 3:16-cv-738-J-32MCR. In that case, the Eleventh Circuit has granted an application to file a second or successive motion to vacate, and the Federal Public Defender has filed the motion to vacate. The resolution of this case will not affect the resolution of Case No. 3:16-cv-738-J-32MCR.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of July, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:

Counsel of record
Conrad Kahn, Assistant Federal Public Defender
Pro se petitioner

4